## McCarthy v. The C. R. I. & P. R. Co.

1. **Railroads:** EJECTMENT OF PASSENGER FROM TRAIN. M., a passenger who had not procured a ticket previous to entering the train, handed the conductor a ten dollar bill to pay his fare of $6.20. In making the change the conductor returned him five dollars too much. Upon the demand of the conductor that the mistake be corrected, M. refused and declined to examine his change to ascertain if the conductor's claim of mistake was correct. When he had rode as far as the payment made entitled him to ride, he was directed to leave the train and did so: *Held*, that having the means at hand to determine whether or not the mistake had been made and failing to use them, he was not entitled to damages for expulsion from the train.

*Appeal from Polk Circuit Court.*

MONDAY, OCTOBER 25.

THIS action was brought by plaintiff to recover damages on account of his having been unlawfully expelled from the cars of defendant after having taken passage thereon. There was a verdict and judgment for defendant; plaintiff appeals. The facts of the case appear in the opinion.

*Finch & Sickmon,* for appellant.

The delivery of the ticket to plaintiff on the receipt of money therefor constituted a contract obligating defendant to carry the plaintiff to the point designated by the ticket. (13 Am. Law Reg.; *Hancraft v. Great Nor. Ry.,* 8 Eng. L. & Eq., 362; *Du Laurans v. St. P. & P. R. Co.,* 15 Minn., 49.) A mistake in payment would not render the contract void. The company might transport the passenger through and then detain his baggage until payment was made. (Story on Bailments, § 604; *Wolf v. Summers,* 2 Camp., 631; *McDaniel v. Robinson,* 26 Vt., 316.)

*Wright, Gatch & Wright,* for appellee.

The contract with the passenger is for transportation according to the reasonable regulations and usages of the company. (*Coger v. N. W. Packet Co.,* 37 Iowa, 145.) Without prepay-

ment there is no obligation to carry. (*C. R. I. & P. R. Co. v. Herring*, 57 Ill., 59.) Railway Companies have the right to establish reasonable regulations. (*State v. Chovin*, 7 Iowa, 204.) Those are reasonable which enable them to perform the duty they undertake and secure their own best rights. (Id.; *Law v. Ill. Cent. R. Co.*, 32 Iowa, 534.)

BECK, J.—The alleged errors complained of in this case involve questions of law arising upon certain instructions, given to the jury.

The evidence tended to establish the following facts: The plaintiff took passage upon defendant's railroad at Des Moines, intending to travel upon it as far as Chicago. Not having procured a ticket, he offered to pay his fare to the conductor to the terminus of the road, but was informed that payment could not be received for his fare to a point beyond Davenport, as that was the end of the conductor's route. Plaintiff, therefore, handed the conductor a ten dollar bill and the conductor returned to him a "check" or ticket and change, as he supposed, to the proper amount, the fare being $6.20. The conductor afterwards discovered that he had, through mistake, returned to plaintiff $5 in excess of the true amount of change to which plaintiff was entitled, and that he had received from plaintiff but $1.20. The plaintiff was promptly informed of the mistake and requested to correct it. He does not deny the fact of the mistake and made no effort to ascertain if the conductor's statements were true, which he could have readily done by counting the money received from the conductor. He proposed that after the cars should arrive at Davenport, he would do so, but declined to correct the mistake before.

The conductor informed him that unless he paid his fare he would be removed from the cars after they arrived at Kellogg, the point to which the money actually received from him paid his transportation. At that place the conductor again demanded fare from him, and upon plaintiff's refusal, took from him his "check" and required him to leave the cars. He complied with the conductor's direction without any violence having been offered to him.

VOL. XLI—28.

The court among other instructions directed the jury that if the conductor called upon the plaintiff to correct the mistake and the plaintiff had the means at hand to determine the correctness of the conductor's claim, and refused to use them for that purpose, he could not recover, provided the jury found that he had not paid his fare beyond the place at which he was ejected from the cars. These instructions, counsel insist, are erroneous. They claim that the receipt of the ten dollar bill by the conductor and the delivery of the " check " to plaintiff " constituted a contract binding defendant to carry plaintiff to Davenport." But to support the contract and render it binding upon defendant, a consideration is just as necessary as in other contracts. The failure of plaintiff to pay the amount of the fare left the contract without consideration and of no force—or more properly took away from the transaction an essential element of a contract and therefore no contract existed between the parties.

It was the duty of the plaintiff to correct the mistake, and therefore he ought to have complied with the conductor's reasonable request to satisfy himself that it had been in fact made. The position of counsel, that the conductor was alone in fault, that plaintiff had no responsibility either to ascertain or correct the mistake, and that he held the same rights as though he had paid full fare, finds no support, either in law or ethics. Plaintiff's case is without merits, and was correctly disposed of by the instructions of the court and the verdict of the jury.

AFFIRMED.